UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSHAN B. PATEL )<br>A55 976 763 )<br> )<br>   Plaintiff, )<br> )<br>            v. )<br> )<br>MICHAEL CHERTOFF, Director, )<br>U.S. Department of Homeland Security, )<br>RUTH DOROCHOFF, District Director, )<br>Chicago District Office, U. S. Citizenship )<br>& Immigration Services, and )<br>ROBERT MUELLER, Director, )<br>Federal Bureau of Investigations. )<br>   Defendants. ) | Case No. FILED: JUNE 24, 2008<br>08CV3599<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE VALDEZ<br>TG |

### PETITION FOR WRIT OF MANDAMUS

Plaintiff, ROSHAN BHUPENDRA PATEL, by and through his own and proper person and through his attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security, U.S. Citizenship & Immigration Services (hereinafter "USCIS"), and the Federal Bureau of Investigations (hereinafter the "FBI") to adjudicate the application for naturalization and process any and all background checks pursuant to the same, and in support thereof, states as follows:

### I. INTRODUCTION

1. This is a civil action brought by Mr. Roshan B. Patel to compel the Defendants and those acting under them to take action on an application for naturalization (Form N-400) filed by Mr. Patel with the USCIS/Department of Homeland Security and on which Defendants and those acting under them have failed to take timely action.

1

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question) in conjunction with 28 U.S.C. section 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 U.S.C. section 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. section 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. section 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS and the FBI to carry out their duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. section 555(b), which states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 U.S.C. section 555(b). Mr. Patel contends that the delays in processing his application for naturalization are unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the naturalization process. 8 U.S.C. section 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all

2

other laws relating to the immigration and naturalization of aliens." (emphasis added). The INA states that the employee designated to conduct an examination on a naturalization application "*shall* make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d) (emphasis added). The statute directs what shall and shall not be considered as proof of good moral character in an applicant for naturalization. 8 U.S.C. § 1427(d). It determines what the Attorney General shall consider as a break in continuous residency. 8 U.S.C. § 1427(b). It directs the Attorney General as to when he shall and shall not consider an application and what shall meet the burden of proof in establishing alien was lawfully admitted to the United States. 8 U.S.C. § 1429. The regulations, promulgated by the agency itself, state, "The Service officer *shall* grant the application if the applicant has complied with all requirements for naturalization under this chapter." 8 C.F.R. § 335.3(a) (emphasis added). The statute also directs that an employee "of the United States, as so delegated by the AG, *shall* conduct a personal investigation of the person applying for naturalization…" 8 U.S.C. § 1446. The Attorney General has delegated this duty to the FBI. *See* 8 C.F.R. § 335.2(b).

7. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate naturalization applications. USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to carry out its duties in an expeditious fashion. Further, because USCIS and the FBI have a duty to adjudicate the application, Mr. Patel has a correlative right to have his application adjudicated.

8. Venue of this action is proper under 28 U.S.C. section 1391(e)(3). Mr. Patel resides in Will County, Illinois. Further, the Defendants maintain offices in this district and the USCIS Office in this district is adjudicating Mr. Patel's application.

### III. PARTIES

9. ROSHAN B. PATEL is a native and citizen of India. He entered the United States as a lawful permanent resident in 2002. His mother is a lawful permanent resident and his father is deceased. His uncles, aunts, and cousins are all United States Citizens.

10. Defendant, RUTH DOROCHOFF, is sued in her official capacity. She is the Chicago District Director of USCIS. As such, she is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

11. Defendant MICHAEL CHERTOFF, the Secretary for the Department of Homeland Security, is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with the United States Citizenship and Immigration Services.

12. Defendant ROBERT MUELLER is sued in his official capacity only, as director of the FBI. The FBI is responsible for the proper background clearance conducted on each applicant for naturalization.

### IV. FACTS

13. Roshan Patel is a citizen and native of India, born on July 12, 1981. He entered the United States on or about June 21, 2002.

14. Mr. Patel was accorded lawful permanent resident status on that same date based upon a derivative application filed for his parent by a U.S. Citizen brother or sister under the F4 preference category.

15. Mr. Patel filed an application for naturalization (N-400) on July 28, 2007. On December 1, 2007, he submitted his fingerprints through attendance at a biometrics appointment.

16. At the time that Mr. Patel filed his application for naturalization, so too did his uncle and aunt. Both his uncle and aunt have had their interview concerning their N-400 interviews, but have been accorded U.S. Citizenship. (Exhibits A & B).

17. Mr. Patel is seeking to return to India so that he may marry his long-time fiancé in December, 2008. His family has already scheduled the wedding ceremony. However, because of his stalled N-400 application, he will be unable to petition for his soon to be wife to enter the United States.

18. Mr. Patel has conducted numerous inquiries upon his case and additionally has asked that he be scheduled for an interview, to no avail.

## V. REQUEST FOR RELIEF

19. The allegations contained in paragraphs 1 through 22 above are repeated and re-alleged as though fully set forth herein.

20. Mr. Patel has complied with all of the requirements for filing his application for naturalization.

21. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the N-400 application for naturalization.

22. The delay in adjudicating the application is not attributable to Mr. Patel.

23. The Defendants owe Mr. Patel a duty to adjudicate the naturalization application and have unreasonably failed to perform that duty. This duty is owed under the Immigration & Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

24. The delay is unreasonable per se.

25. Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that naturalization applications can be processed in less time now than in prior years.

26. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Mr. Patel's inquiries on his application.

27. By making numerous inquiries on the status of the application, Mr. Patel has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate Mr. Patel's application for adjustment of status.

WHEREFORE, and in light of the foregoing, Plaintiff ROSHAN B. PATEL, prays that this Honorable Court:

A. Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate Plaintiff's pending application for naturalization (Form N-400);

C. Compel the Federal Bureau of Investigation, if necessary, to complete background check processing, including name checks;

    D.  Grant such other and further relief, as the Court deems appropriate and just.

Dated:  Chicago, Illinois                            Respectfully Submitted,
          June 18, 2008                            ROSHAN BHUPENDRA PATEL


                                                      By:__s/_ Saadia Siddique_____
                                                      One of his attorneys


Saadia Siddique, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street, Suite 725
Chicago, Illinois 60602
(312) 332-2550
ssiddique@krilaw.com
Atty No. 6275921

## **VERIFICATION**

I, Saadia Siddique, under penalty of perjury, state the following:

1. I am an attorney admitted to practice before this Court.  I am an associate in the firm of Kriezelman Burton & Associates, LLC, the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief.  The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.

Dated:  Chicago, Illinois
        June 18, 2008

                                                  __s/ Saadia Siddique_____
                                                  Saadia Siddique

## NOTICE OF FILING

TO:

Assistant United States Attorney
219 South Dearborn, 5th Floor
Chicago, IL 60604
**Via Hand Delivery**

Robert Mueller, Director
Fed. Bureau of Investigations
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, D.C. 20535-0001
**Via First Class Certified Mail**

Michael Chertoff
Secretary
Department of Homeland Security
Washington, D.C. 20525
**Via First Class Certified Mail**

Ruth Dorchoff
District Director, USCIS
101 W. Congress
Chicago, Illinois 60605
**Via First Class Certified Mail**

PLEASE TAKE NOTICE that on June 19, 2008, Plaintiff filed with the United States District Court for the Northern District of Illinois, the Petition for Hearing on Naturalization Application, a copy of which is hereby delivered to you.

/s Saadia Siddique
_____
Saadia Siddique

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that she caused this Notice to be served upon the above addressee by mail service or personal service by 5:00 p.m. on June 18, 2008.

/s Saadia Siddique
_____
Saadia Siddique

Kriezelman Burton & Associates, LLC.
20 North Clark Street
Suite 725
Chicago, IL 60602
(312) 332-2550
ssiddique@krilaw.com



**CERTIFICATE OF NATURALIZATION**

No. 29675247

Personal description of holder as of date of naturalization:
Date of birth: JANUARY 05, 1956
Sex: FEMALE
Height: 5 feet 0 inches
Marital status: MARRIED
Country of former nationality: INDIA

CIS Registration No. A05589118

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Renuka Govindbhai Patel
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Secretary of Homeland Security
at: CLEVELAND, OHIO

The Secretary having found that:
RENUKA GOVINDBHAI PATEL

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the
U.S. DISTRICT COURT, NORTHERN DISTRICT OF OHIO
at: TOLEDO, OHIO
on: MAR 24 2008

that such person is admitted as a citizen of the United States of America.

Director, U.S. Citizenship and Immigration Services

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

EXHIBIT A






Naturalization Certificate No. 296752446 — A05598911?

Personal description of holder as of date of naturalization:
Date of birth: MARCH 31, 1956
Sex: MALE
Height: 5 feet 6 inches
Marital status: MARRIED
Country of former nationality: INDIA

USCIS Registration No. A05598911?

Complete and true signature of holder: Govind Chaturbhai Patel

Be it known that, pursuant to an application filed with the Secretary of Homeland Security at: CLEVELAND, OHIO

The Secretary having found that: GOVIND CHATURBHAI PATEL

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. DISTRICT COURT, NORTHERN DISTRICT OF OHIO
at: TOLEDO, OHIO on: MAR 28 2008

that such person is admitted as a citizen of the United States of America.

Director, U.S. Citizenship and Immigration Services

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

EXHIBIT B