UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSHAN B. PATEL | ) | |
| A 55 976 763, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 3599 |
| MICHAEL CHERTOFF, Secretary, U.S. | ) | |
| Department of Homeland Security, RUTH | ) | |
| DOROCHOFF, District Director, Chicago | ) | Judge Andersen |
| District Office, U.S. Citizenship & | ) | |
| Immigration Services, and ROBERT | ) | |
| MUELLER, Director, Federal Bureau of | ) | |
| Investigation, | ) | |
| | ) | |
| Defendants. | | |

## ANSWER

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of defendants Michael Chertoff, Director, Department of Homeland Security, Ruth Chertoff, District Director, Citizenship and Immigration Services, and Robert Mueller, Director, Federal Bureau of Investigation, for its answer to the complaint, states as follows:

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

The court lacks subject matter jurisdiction to hear this mandamus action.

**Third Defense**

Answering the specific allegations of the complaint, defendant United States of America

admits, denies, or otherwise avers as follows:

1.    **Complaint:**  This is a civil action brought by Mr. Roshan B. Patel to compel the Defendants and those acting under them to take action on an application for naturalization (Form N-400) filed by Mr. Patel with the USCIS/Department of Homeland Security and on which Defendants and those acting under them have failed to take timely action.

    **Response:**  Admit paragraph one is plaintiff's characterization of the lawsuit.  Deny

the federal agencies have failed to take timely action.

2.    **Complaint:**  This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question) in conjunction with 28 U.S.C. section 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

    **Response:**  Deny the court has jurisdiction to hear this mandamus complaint.

3.    **Complaint:**  Under 28 U.S.C. section 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. section 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

    **Response:**  Deny the court has jurisdiction to hear this mandamus complaint.

4.    **Complaint:**  Under 28 U.S.C. section 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

    **Response:**  Deny the court has jurisdiction to hear this mandamus complaint.

5.    **Complaint:**  The APA requires USCIS and the FBI to carry out their duties within a reasonable time.  The provision of the APA that provides this is 5 U.S.C. section 555(b), which states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS and FBI are subject to 5 U.S.C. section 555(b).  Mr. Patel contends that the delays in processing his application for naturalization are unreasonable.

**Response:** Admit portions of the APA are accurately stated. Deny the federal agencies' delays on plaintiff's application for naturalization are unreasonable.

6. **Complaint:** Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the naturalization process. 8 U.S.C. section 1103 states that "Wile Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The INA states that the employee designated to conduct an examination on a naturalization application "shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d) (emphasis added). The statute directs what shall and shall not be considered as proof of good moral character in an applicant for naturalization. 8 U.S.C. § 1427(d). It determines what the Attorney General shall consider as a break in continuous residency. 8 U.S.C. § 1427(b). It directs the Attorney General as to when he shall and shall not consider an application and what shall meet the burden of proof in establishing alien was lawfully admitted to the United States. 8 U.S.C. § 1429. The regulations, promulgated by the agency itself, state, "The Service officer shall grant the application if the applicant has complied with all requirements for naturalization under this chapter." 8 C.F.R. § 335.3(a) (emphasis added). The statute also directs that an employee "of the United States, as so delegated by the AG, shall conduct a personal investigation of the person applying for naturalization..." 8 U.S.C. § 1446. The Attorney General has delegated this duty to the FBI. See 8 C.F.R. § 335,2(b).

**Response:** Deny the statutes cited are relevant to plaintiff's case.

7. **Complaint:** The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate naturalization applications. USCIS has a mandatory duty to adjudicate applications and jurisdiction thus vests in mandamus before this Court. Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002). Further, the FBI is likewise obligated to carry out its duties in an expeditious fashion. Further, because USCIS and the FBI have a duty to adjudicate the application, Mr. Patel has a correlative right to have his application adjudicated.

**Response:** Deny.

3

8.    **Complaint:** Venue of this action is proper under 28 U.S.C. section 1391(e)(3).  Mr. Patel resides in Will County, Illinois.  Further, the Defendants maintain offices in this district and the USCIS Office in this district is adjudicating Mr. Patel's application.

**Response:** Admit venue is proper in the Northern District of Illinois.  Deny the remaining allegations in paragraph eight.

9.    **Complaint:** ROSHAN B. PATEL is a native and citizen of India.  He entered the United States as a lawful permanent resident in 2002.  His mother is a lawful permanent resident and his father is deceased.  His uncles, aunts, and cousins are all United States Citizens.

**Response:** Admit plaintiff is a native and citizen of India.  Admit plaintiff entered the United States as a lawful permanent resident in 2002.  The United States lacks sufficient knowledge or information to form a belief about the remaining allegations in paragraph nine.

10.    **Complaint:** Defendant, RUTH DOROCHOFF, is sued in her official capacity.  She is the Chicago District Director of USCIS.  As such, she is the Attorney General's designate for the Chicago District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

**Response:** Admit Ruth Dorochoff is the Chicago District Director of USCIS.  Admit Ms. Dorochoff is the Attorney General's designee having duties of administration and all functions of USCIS in Chicago.  Deny that plaintiff's "N-400" application has been transferred to the Chicago District office.

11.    **Complaint:** Defendant MICHAEL CHERTOFF, the Secretary for the Department of Homeland Security, is being sued in his official capacity only.  Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with the United States Citizenship and Immigration Services.

**Response:** Admit.

12.    **Complaint:** Defendant ROBERT MUELLER is sued in his official capacity only, as director of the FBI.  The FBI is responsible for the proper background clearance conducted on each applicant for naturalization.

**Response:**  Admit.

13.    **Complaint:**  Roshan Patel is a citizen and native of India, born on July 12, 1981.  He entered the United States on or about June 21, 2002.

**Response:**  Admit.

14.    **Complaint:**  Mr. Patel was accorded lawful permanent resident status on that same date based upon a derivative application filed for his parent by a U.S. Citizen brother or sister under the F4 preference category.

**Response:**  Admit.

15.    **Complaint:**  Mr. Patel filed an application for naturalization (N-400) on July 28, 2007.  On December 1, 2007, he submitted his fingerprints through attendance at a biometrics appointment.

**Response:**  Admit.

16.    **Complaint:**  At the time that Mr. Patel filed his application for naturalization, so too did his uncle and aunt.  Both his uncle and aunt have had their interview concerning their N-400 interviews, but have been accorded U.S. Citizenship.  (Exhibits A & B).

**Response:**  The United States lacks sufficient knowledge or information to form a

belief about the allegations in paragraph 16.

17.    **Complaint:**  Mr. Patel is seeking to return to India so that he may marry his long-time fiancé in December, 2008.  His family has already scheduled the wedding ceremony.  However, because of his stalled N-400 application, he will be unable to petition for his soon to be wife to enter the United States.

**Response:**  The United States lacks sufficient knowledge or information to form a

belief about the allegations in paragraph 17.

18.    **Complaint:**  Mr. Patel has conducted numerous inquiries upon his case and additionally has asked that he be scheduled for an interview, to no avail.

**Response:**  The United States lacks sufficient knowledge or information to form a

belief about the allegations in paragraph 18 because USCIS neither tracks nor records status

inquiries.

19.    **Complaint:**  The allegations contained in paragraphs I through [18] above are repeated and re-alleged as though fully set forth herein.

**Response:**  The United States adopts by reference  its responses to paragraphs 1through 18.

20.    **Complaint:**  Mr. Patel has complied with all of the requirements for filing his application for naturalization.

**Response:**  The United States lacks sufficient knowledge or information to form a belief about the allegations in paragraph 20.

21.    **Complaint:**  The Defendants have willfully and unreasonably delayed and have refused to adjudicate the N-400 application for naturalization.

**Response:**  Deny.

22.    **Complaint:**  The delay in adjudicating the application is not attributable to Mr. Patel.

**Response:**  Admit.

23.    **Complaint:**  The Defendants owe Mr. Patel a duty to adjudicate the naturalization application and have unreasonably failed to perform that duty.  This duty is owed under the Immigration & Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the application.

**Response:**  Deny.

24.    **Complaint:**  The delay is unreasonable per se.

**Response:**  Deny.

25.    **Complaint:**  Alternatively, or in addition thereto, the delay is unreasonable in light of USCIS estimated processing times and press releases which claim improved processing times and increased efficiency, and which further indicate that naturalization applications can be processed in less time now than in prior years.

**Response:**  Deny.

26.    **Complaint:**  The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Mr. Patel's inquiries on his application.

**Response:** Deny.

27. **Complaint:** By making numerous inquiries on the status of the application, Mr. Patel has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate Mr. Patel's application for adjustment of status.

**Response:** Deny.

**WHEREFORE**, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Pierre C. Talbert
    PIERRE C. TALBERT
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
Dated: August 13, 2008          (312) 353-4088
    pierre.talbert@usdoj.gov

7